UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL INTEGRITY PROJECT )
1920 L Street NW, Suite 800 )
Washington, DC 20036 )
 )
ENVIRONMENT MARYLAND ) Civil Action No.
3121 St. Paul St. Suite 26 )
Annapolis, MD 21218-3857 )
 )
    Plaintiffs, )
 )
    v. )
 )
LISA P. JACKSON, in her official )
Capacity as Administrator, United States )
Environmental Protection Agency, )
Ariel Rios Building, Mail Code 1101A )
1200 Pennsylvania Ave., NW )
Washington, DC 20460 )
 )
    Defendant )
 )

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**I.    STATEMENT OF THE CASE**

1. Plaintiffs Environmental Integrity Project and Environment Maryland (collectively, "Plaintiffs") challenge the failure of Defendant Lisa P. Jackson, in her official capacity as Administrator of the Environmental Protection Agency ("EPA" or "Defendant"), to perform her non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V operating permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition filed by

1

Plaintiffs seeking EPA's objection to Clean Air Act Title V Operating Permit Number 24-001-00011 that the Maryland Department of the Environment ("MDE") issued to Luke Paper Company, a wholly owned subsidiary of NewPage Corporation, for the operation of the kraft pulp and paper mill facility in Luke, Maryland. EPA accepted Plaintiffs' Petition dated February 27, 2009 as timely filed. Plaintiffs also issued a 60-day notice of intent to sue letter to EPA on September 10, 2009. Administrator Jackson has failed to act on Plaintiffs' timely filed petition objecting to Luke Paper's Title V Federal Operating Permit issued by MDE on January 22, 2009.

## II.   JURISDICTION, VENUE AND NOTICE

2. This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act and the Administrative Procedure Act are federal statutes. The Defendant is an agent of the United States government. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

3. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, this suit is being brought against the Administrator in her official capacity as an officer or employee of the United States

Environmental Protection Agency, residing in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

4. In compliance with 42 U.S.C. § 7604 (b)(1)(A), on September 10, 2009, Plaintiffs notified via certified first-class mail the Administrator of the EPA, the U.S. Attorney General, the EPA Regional Administrator for Region 3, and the MDE Air Permits Division Director of the violations alleged in this complaint and of Plaintiffs' intent to sue. See Exhibit A (Notice of Intent to Bring Suit Against Administrator Jackson for Failure to Grant or Deny Environmental Integrity Project and Environment Maryland Petition to Object to Luke Paper Company's Title V Permit for Operation of the Luke Paper Company Kraft Pulp and Paper Mill (September 10, 2009)). More than 60 days have passed since Defendant received the notice of intent to sue letter. Defendant has not acted to remedy the violations alleged in this complaint. Therefore, an actual controversy exists between the parties.

### III.    PARTIES

5. Plaintiff ENVIRONMENT MARYLAND is a statewide, citizen-based environmental advocacy organization with over 30 years of experience working on Maryland's top environmental problems. Environment Maryland and its members focus exclusively on protecting Maryland's air, water, and open spaces. As one method of achieving its goals, Environment Maryland participates in permitting procedures for facilities that emit air pollutants. Environment Maryland provided comments on the Luke Paper Company Title V Operating Permit. The Administrator's failure to perform the non-discretionary duty to deny Plaintiffs' petition objecting to Luke Paper Company's Title V Operating Permit injures the organizational interests of Environment Maryland and its members.

6. Environment Maryland and its members have an interest in assuring that Luke Paper Company's Title V Permit contains all federally applicable requirements and monitoring adequate to assure compliance with all those statutory and regulatory requirements. Members of Environment Maryland will be adversely impacted if EPA fails to object to this Permit. Environment Maryland has offices and programs in Maryland. Environment Maryland members own property, reside, and/or recreate nearby and downwind of the Luke Paper Company facility. Defendant's failure to respond to Environment Maryland's petition prevents Environment Maryland and its members from being certain that the Title V operating permit complies with requirements of the Clean Air Act and protects them from exposure to air pollutants.

7. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit corporation dedicated to ensuring effective enforcement of environmental laws as a part of its mission. As one method of achieving its mission, EIP participates in permitting procedures for power plants that emit pollution. EIP filed comments on Luke Paper Company's Title V operating permit during the official notice and comment period. EIP's organizational interest in ensuring the enforcement of environmental laws is adversely impacted if EPA fails to act on non-discretionary duties, such as EPA's failure to respond to EIP's Title V petition.

8. Defendant LISA P. JACKSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. As described below, the Clean Air Act assigns the Administrator certain non-discretionary duties, including the requirement to grant or deny Plaintiffs' petition within 60 days.

9. For the foregoing reasons, EPA's failure to respond to Plaintiffs' petition has caused, is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries which the Court can redress through this case.

### IV.    LEGAL AUTHORITY

10. The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act added Title V, creating an operating permit program that applies to Luke Paper Company's Kraft Pulp and Paper Mill ("Luke Paper Mill"). See 42 U.S.C. §§ 7661-7661f.

11. A primary purpose of the Title V program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to an air pollution source. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of pollution, such as the Luke Paper Mill, cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

12. The Clean Air Act provides that the EPA Administrator may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator approved Maryland's administration of its Title V permit program. 68 Fed. Reg. 1,974 (Jan. 15, 2003). The MDE is responsible for issuing Title V permits in Maryland.

13. Before a Title V operating permit can be issued by a state, like Maryland, the state must forward the proposed Title V operating permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B).

5

EPA then has 45 days in which it can review the proposed permit. EPA must object to the permit issuance if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. 7661d(b)(1). If EPA does not object to the permit issuance, after EPA's review period, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. 7661d(b)(2).

14. The Administrator then has a non-discretionary duty within 60 days to act, and either grant or deny, a citizen petition requesting that EPA object to the issuance of a Title V operating permit on the basis that it contains provisions not in compliance with the Clean Air Act. Id.; New York Public Interest Research Group v. Whitman, 214 F.Supp 2d 1, 2 (D.D.C. 2002).

15. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

V.   FACTUAL BACKGROUND

16. NewPage Corporation applied to the MDE for a Title V federal operating permit for the Luke Paper Mill on May 31, 2002. During the permit application process, MDE held two public notice and comment periods.

17. Plaintiffs timely submitted written comments to MDE during initial public notice and comment periods on August 17, 2007. Plaintiffs' comments catalogued specific deficiencies and problems with the proposed permit, including the failure to require adequate monitoring and reporting to assure compliance with emission limits. In addition, Plaintiffs are particularly concerned about the Hazardous Air Pollutant (HAP) emissions from the Luke Paper Mill's industrial boilers. Plaintiff Environmental Integrity Project also attempted to resolve some of the

same concerns raised in the Petition by meeting with both MDE and EPA informally. In addition, Plaintiff Environmental Integrity Project, environmental groups, and Maryland residents identified some of the same concerns raised in Plaintiffs' Petition in the Citizen Petition Pursuant to the Clean Air Act Regarding Maryland's Implementation of Title V and Several Actions Related to the State Implementation Plan filed with EPA in June of 2008. To date, we have not received a response addressing our concerns.

18. MDE specifically stated that Plaintiffs would be notified, as required by Maryland regulations, when the revised draft Permit was issued for public review and comment. However, Plaintiffs did not receive notice of Luke Paper Mill's revised Permit, or have an opportunity to comment on MDE's changes to the Title V Permit as required by state and federal law. See 42 U.S.C. § 7661d(b)(2); 40 C.F.R. §§ 70.7(a)(1)(ii), (h)(1); Md. Code Ann. § 26.11.03.07(B)(2).

19. MDE issued a revised Title V Permit for the Luke Paper Mill on May 29, 2008. Plaintiffs, who were on MDE's "interested party" list for the Luke Paper Mill Title V Permit, did not receive notice from MDE regarding the availability of a revised draft. See Sierra Club v. Johnson, 436 F.3d 1269 (11th Cir. 2006) (holding that EPA was obligated to object to a proposed Title V permit, where state agency approved permit without first creating mailing list and giving notice to persons on list). EPA received the proposed Title V Permit for review on July 3, 2008, and EPA's 45-day review period ended on September 17, 2008. 42 U.S.C. § 7661d(b)(1). EPA did not object during its review period, and MDE issued the Luke Paper Mill Title V Permit on January 22, 2009.

20. Plaintiffs filed a Petition for Objection to the Luke Paper Mill Title V Permit on February 27, 2009, which was as soon as Plaintiffs became aware that MDE issued a final permit without

notifying Plaintiffs that a revised draft was available for public comment. Because the final Permit was issued in violation of 40 C.F.R. §§ 70.7(a)(1)(ii), (h)(1); Md. Code Ann. § 26.11.03.07(B)(2), which requires MDE to notify all interested parties of the opportunity to comment on any proposed Title V permit, Plaintiffs asked EPA to either accept Plaintiffs' Petition as timely filed or require MDE to republish the revised draft Permit for public comment.

21. On March 20, 2009, the EPA accepted Plaintiffs' Petition for objection dated February 27, 2009 as timely filed. Plaintiffs submitted a "Notice of Partial Withdrawal" of the Petition on June 19, 2009.

22. While the petition for objection was not submitted within 60 days following the end of EPA's 45 day review period, MDE failed to notify Plaintiffs of the revised draft Permit in violation of state and federal law. 42 U.S.C. § 7661d(b)(2) ); 40 C.F.R. §§ 70.7(a)(1)(ii), (h)(1); Md. Code Ann. § 26.11.03.07(B)(2). The petition was based on objections that were raised during the notice and comment period, and EPA accepted Plaintiffs' Petition as timely filed.

23. The EPA Administrator had 60 days from receipt of Plaintiffs' Petition to grant or deny the petition. Id. The Administrator has failed to exercise her non-discretionary duty to either grant or deny Plaintiffs' petition.

## VI.   CAUSE OF ACTION

FAILURE TO RESPOND TO PLAINTIFFS' PETITION TO EPA
REQUESTING OBJECTION TO THE SWEPCO PERMIT

[42 U.S.C. § 7661d(b)(2)]

24. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-23.

25. On February 27, 2009 Plaintiffs submitted to Defendant a petition to object to Luke Paper Mill's Title V Operating Permit, and a "Notice of Partial Withdrawal" on June 19, 2009.

26. The Clean Air Act required Defendant to act on Plaintiffs' Luke Paper Mill petition within 60 days of the filing. See 42 U.S.C. § 7661d(b)(2) (stating that "The Administrator *shall* grant or deny such a petition within 60 days after the petition is filed"). This is a clear non-discretionary duty. New York Public Interest Research Group, Inc. v. Christine T. Whitman, 214 F. Supp. 2d 1, 3 (D.D.C. 2002).

27. It has been more than 60 days since Defendant received the petition requesting that EPA object to the Luke Paper Mill Title V Operating Permit. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary within the meaning of Clean Air Act section 304(a)(2). 42 U.S.C. § 7604(a)(2).

28. Therefore, Defendant has violated and remains in violation of its non-discretionary duty to grant or deny the Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d (b)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

    A. declare that Defendant's failure to grant or deny the Plaintiffs' petition for objection to the Luke Paper Mill's Title V Operating Permit constitutes a failure to perform an act or duty that is not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B.  order the Defendant to grant or deny the petition for objection to the Luke Paper Mill's Title V Operating Permit within sixty (60) days;

C.  order the Defendant to create a procedure to ensure that Defendant responds expeditiously to petitions filed under 42 U.S.C. § 7661d(b)(2);

D.  retain jurisdiction over this action to ensure compliance with the Court's Order;

E.  award Plaintiffs their costs and fees related to this action; and

F.  grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Jennifer Peterson*
Jennifer Peterson, D.C. Bar Number: 978352
Environmental Integrity Project
1920 L Street, NW Ste. 800
Washington, DC 20036
Tel: (202) 262-4449
Fax: (202) 296-8822
Email: jpeterson@environmentalintegrity.org

Counsel for Plaintiffs

DATED: December 7, 2009